Mr. McPherson, Mr. Sweeney, this is a removal case. In the state court, there were two different suits against my client, Gander Mountain. These suits were asserted by two different parties. They were asserted through two different pleadings. They were asserted with two different legal theories arising out of different facts. But the second was never asserted separately, right? Wasn't the motion to intervene contemporaneous with the complaint by the city? No. No. No, the motion to intervene came two and a half years after the... After the city's pilot's complaint? Oh, maybe I misunderstood the question. You said there are two... I assumed you were talking about the Crossroads complaint and the city complaint were the two you were referencing. Correct. You said they were two completely separate suits. And I asked, well, is that really true? Wasn't the intervention motion filed with the city's complaint? I understand what you're saying. I'm sorry. Yes, certainly. So the city never desired a freestanding lawsuit in state court? Apparently not. Because they certainly could have brought that. They could have brought it in federal court. But you are correct, Your Honor. The city's petition was brought in connection with a motion to intervene in the landlord's lawsuit. That's correct. The city did not claim an interest in the landlord's lease with Gander Mountain. The city claimed a fraud claim related to transportation projects. I believe it's some roadways and things like that that supposedly Gander Mountain said something to the city. The city went out and did things including building roadways and claimed that they were defrauded. One of these claims was within the district court's original jurisdiction. And the other claim had been ruled not to be within the district court's original jurisdiction. Gander Mountain removed the suit that was within the district court's original jurisdiction. The district court remanded, based on a putative rule, that only an entire state court case may be removed. This appeal presents two issues. One, does this court have appellate jurisdiction over that remand order? And two, the substantive removability of a civil action that's part of another party's lawsuit. This is an aside, but I couldn't help thinking about it as I looked at the statute and read the briefs. In the district court's second unappealable remand order of the Arnold Crossroads suit, was 1446C3 addressed? I do not recall. The bad faith? That was not applicable, I don't believe. I believe that this occurred... I thought the reason for the second remand was you're untimely now, under the one-year rule. That's correct. And in diversity cases, 1446C3 has an exception to that. It does now. It didn't then. Okay. We argued... Go ahead. We argued that, nevertheless, there should have been an analysis along those lines, Your Honor, because this court has previously said that the one-year is a procedural, waivable requirement. It's not... Go ahead. And the district courts have said that it's some sort of a jurisdictional requirement, so that's why we were unsuccessful in raising that. Okay. So, let me address first appellate jurisdiction. So, this court does not have appellate jurisdiction over a remand order if the remand order is based on a timely raised procedural defect or on subject matter jurisdiction. In this case, the city argues that there was a procedural defect. The city argues that there's the one-year procedural defect, and the city argues that the entire... the putative entire case requirement is a procedural defect. Now, I believe both of those are incorrect. First of all, as to the one-year procedural defect, the district court didn't say that. The district court, you can read, it's a short opinion, and the district court nowhere says, I'm finding that this is remandable because it was brought more than one year after it was commenced. Besides which, if you're right on the 1441A theory, you're in compliance with the one-year. Well... Right? Certainly. I mean, we removed it. We removed it months after, just a few months after it was filed. Correct. I agree with you, Your Honor. So, the procedural issue is whether 1441A civil action is procedural. It's... Well, I almost agree with you. I think the question is whether the putative rule that an entire case must be removed is a procedural rule. Since that isn't really part of the civil action phrase, the district court purported to find it there, but it's not really there. So, the question is whether to remove the entire case is a procedural issue. And I don't believe it is. First of all, procedural is how you do something, the mechanics of how you do something. And whether you have to remove what the state court has called an entire case or may remove a subpart, a civil action, is not how you remove something. That's the scope of what you're removing. It is different. In addition, there was no authority in the city's brief. If you look at the city's brief, pages 23 to 29 are where they address this point. And only the first paragraph even purports to discuss the issue as to whether entire case is a procedural requirement. There is no analysis of the issue in that paragraph. And there is no case cited, other than the district court's opinion, which of course didn't address it, no case cited to support the proposition. So, it both doesn't appear to be procedural, yet the city has not cited any authority in support of that proposition. And certainly where the district court purported to find the requirement is not part of 1446, which is where you would ordinarily expect to find a procedural requirement since 1446 is headed procedural. So, with respect to the court's appellate jurisdiction, I believe that resolves it. It's not a procedural issue. Nobody's argued it's a subject matter jurisdiction issue. It's very clear that the city's action is for more than $75,000 and is between parties of diverse citizenship. So, it is therefore appealable. Well, we only have subject matter jurisdiction over cases or controversies. So, if you haven't defined a discrete case or controversy, that's arguably an SMJ issue. Your Honor, I think nobody has contended that the city of Arnold's lawsuit for fraud against Gander Mountain is not a case or controversy. The argument is it was included with another case and the phrase civil action means you've got to remove an entire case, including whatever cases or controversies were involved in the state court case. I believe that's the argument. So, I believe there's jurisdiction, and so then we go to the substantive issue in the case, which is, is there a rule that defendants can only remove what the state court has put together as, quote, an entire case, regardless of how many civil actions there might be within that? And I think that that is clearly resolved by the ExxonMobil case, which we have cited. The ExxonMobil case refutes the proposition that there is a requirement to remove the entire case or that civil action means an entire case. Well, that was such an extreme example with all those thousands of people and everything. Well, there were two cases in ExxonMobil, Your Honor. There was all the Exxon dealers, but there was also a personal injury case. A young girl who cut her thumb on a StarKiss tuna can. The problem is it wasn't a removal case. So, you're, it clearly means this is all derived from the dicta in which there's some discussion. I don't believe it was dicta, though, Your Honor, because the Supreme Court was, you're right, it's not a removal case, of course, but the Supreme Court was interpreting what constitutes a civil action under 1367, and it was doing that by looking at 1441, the statute involved here. And so, that was the basis. The Court's reasoning says, look at the removal statute. The removal statute, it said, is close, it referred to the closely analogous context of removal jurisdiction. The Court said, 1441A bears a striking similarity to the relevant portion of 1367. And then it said, specifically about removal cases, a district court has original jurisdiction of a civil action for purposes of 1441A as long as it has original jurisdiction over a subset of the claims constituting the action. If we were to adopt the contrary view, that the presence of additional parties means there is no, quote, civil action of which the district courts have original jurisdiction. Well, that simply means you should have removed the whole thing a third time. Well, but I could not, consistent with the rules, do that, Your Honor, because we have no jurisdiction. Well, you could have tried. Well, but I have to have a good faith basis under Rule 11 for filing what I filed. Your good faith basis is what you just read. We have a removable claim by the city. It's parked in action, but Exxon says if part of a claim is properly here, the whole thing is here. Only if it's within the court's supplemental jurisdiction. Is that true, Your Honor? It's got to be part of the same constitutional case. And here, my belief is that these are two different constitutional cases because they do not arise out of a common nucleus of operative fact. If that's true, the only time you can remove a case within the court's original jurisdiction and another case that is not part of the same constitutional case is if you're removing on federal question grounds. The statute specifically says in federal question situations, you can remove other cases that are not part of the same constitutional case. The district court has to remand them right back to state court, but you can do that. To me, that tells you if you're under diversity and you've got one case that's removable and another case with it that's not, you can't do the same thing. You have no statute that authorizes that. You need to remove the civil action that is the subset... In hundreds of years, no courts ever had to deal with this argument? They have. And we raised the... Other than your garnishment cases? No, there's a case... For the District of New Mexico Avenue. Right, the railroad. I don't know all those cases, but yeah. The railroad case. No circuit court has ever had to deal with this notion? Well, this court, outside of garnishment and outside of those other contexts that we've cited, this has not come up. Nobody's ever tried to put two... It just hasn't come up. Well, the opposing counsel says you're just doing what Rooker-Feldman doesn't allow, which is having us second-guess the state court intervention order. If I was arguing to you that Interpleader was wrong in that case, maybe they'd have something. But I'm not. It doesn't matter whether the state of Missouri allows claims like this to be asserted together in the same state court action. That doesn't matter. The state court was not ruling. They imply that Missouri law requires a common operative fax to intervene. Now, Rule 24 does not. No, and that's not what they're saying. I thought they were overstating it. That's not true. All you have to have for permissive intervention is a common question of law or fact. I thought that was true, but that's not what they said. Yes, Your Honor. What do you think of this Fourth Circuit case in Samsada? I don't even remember the Samsun case, Your Honor. It's Samsada v. Town of Nags Head. But that case stands with the proposition that only entire actions are removable. Oh, there are some cases that say only entire actions are removable. They're wrong. In light of the fact that the Supreme Court has said that's not true and the fact that there is no statutory source for such a rule, I'll concede that there are some cases that have said that. If you read them and read the cases that I've cited where the courts have said it's a civil action. It doesn't matter whether it's a subpart of whatever the state court has done. It's a civil action, therefore removable. Those cases are much better reasoned, and these other cases are inconsistent with what the Supreme Court has said in the Exxon Mobil case, in addition to not having any statute that supports their ruling. Well, what about the rules? The rules are statutes, too. I don't know which rule would require that you remove. If you have multiple claims in a state court and some of the plaintiff's claims are removable and some of the plaintiffs aren't, I know of no rule that says you have to remove the whole case, and if one of those plaintiff's claims isn't removable, you can't remove any of it. I know of no such rule. I'd hope to have a little rebuttal time, but I'll reserve my two seconds. Thank you, Your Honor. Very good. Thank you. Mr. McPherson? Oh, pardon me. I apologize. May it please the Court, good morning. If I could, I'd like to respond to some of the issues that the Court was addressing with Mr. Von Holt. First, the factual issue, the assertion that these claims are unrelated ignores the record. The pleadings by both of these parties are in the appendix. Did the state court decide they're a common nucleus? That they're the same case or controversy? State court didn't make an explicit ruling with respect to that, Your Honor. A common question, wasn't counsel right? That's what Rule 24 says. There just has to be a common issue. There's obviously common issues. There are, yes. In order to intervene, that is the standard, Your Honor. There's also plenty of basis to deny intervention because there's not a common nucleus of operative. There may be a common nucleus of facts. There's not a common nucleus of legal theories or anything else. Well, Your Honor, what these two pleadings say is that the city of Arnold undertook a redevelopment project with respect to this area that needed to be redeveloped that was economically underperforming. Your claim doesn't need the city's coattails in the slightest. Nor does the city need your claim's coattails. Well, Your Honor, respectfully, I don't think the question is whether anyone needs anybody's coattails. It is if it's what used to be called intervention as a right sort of thing. Well, Your Honor, the first thing I heard from Mr. Von Holt was that there were two cases. There are not two cases. There is one case. A pending case against this defendant in which another party intervened. If intervention had been denied, there would be two cases in state court. There could have been two cases in state court, yes. Was there leave to file a complaint sought by the city or was the complaint filed with a motion to intervene? Motion for leave to intervene was granted and obtained. I know, but was leave granted to file a complaint or was the complaint filed, period? Leave was granted, yes. To file a complaint so that the state court could have told the city, you can't file this case? It could have. That's in the record? That would be very strange. I guess I'll have to look at the state court record. If I could take one step back from what I just said, the state court could have granted it or could have denied it because a motion was pending before it. I'm just saying if the state court had denied leave to intervene, that would have left a state court action against Gander Mountain pending in state court. Yes. That's two suits. It only became one when leave to intervene was granted. No, what I'm trying to say, Your Honor, is that there was no second suit that was ever instituted. It was. Wait a minute. They filed their complaint with a motion for leave to intervene or join. We may be talking past each other, Your Honor. But it's important. There would have been two suits in state court if leave to intervene had been denied. No. The city never filed a separate petition in state court, paid a filing fee, got a cause number. Never did any of that stuff. In the pending action that was before the circuit court, a motion was filed for leave to intervene as a party. In that action, the motion was granted over the opposition of the defendant. After the granting of that motion, the court permitted leave for the filing of a petition in that action. There was never a second action. There was not the filing of a suit and then the bringing together of two suits. There was only ever one. There was only ever one cause number. There was only ever one action. There remains one action. And I appreciate the opportunity to clarify that. That's what the Missouri practice is. Now, is it possible somebody could have filed a second action? Sure, it's possible. That's not this case. This case is that there has only ever been one action. But it just bounced back and forth. That is true, Your Honor. It has bounced quite a bit. This case, which is approaching its fifth anniversary, it was commenced in the circuit court on November 20th. I unchecked that on February 24th, 2009. We're close to the fifth anniversary. It has been removed three times. It's been this dispute between my client and the defendant. It was the subject of a separate action by the defendant in the district court in an effort to obtain a declaratory judgment as to whether the lease had been violated. So there's been a real effort to get it here. And in terms, if we're pointing fingers, I assume that no statute of limitations would have run on your client's claim if they had waited to file the suit until they could sue for the first two months. I don't believe a statute of limitations would have run. Would have run. And I'm sure it was more than apparent to the team that eventually the claim was going to, by the time it got litigated, it was going to be for more than one month's rent. Well, Your Honor. So the timing, I mean, it would have been very easy to avoid all these delays by filing a removable action in state court initially and seeing what Gander Mountain chose to do. Respectfully, Your Honor, I don't believe that this proceeding implicates what the court is talking about right now. But at the time that we filed that initial petition, one month's rent was due. That's all that was due. I know. I wasn't trying to get away with anything. All you had to do was wait until two months' rent was due and then you would have... then the removal issue would be resolved quickly. So in terms of, you know, who's responsible for five years of delay, I take everybody with a grain of salt. Well, Your Honor, I've seen a lot of cases and the court's use of salt is up to the court. My point is that the first remand was entirely proper. The second remand was entirely proper. This third remand is entirely proper because there has never been a second case. What I hear Mr. Von Holtz saying is that under Exxon, what I hear Exxon being held out to hold is that a claim is a civil action. That's not what Exxon holds. What Exxon holds is that a civil action for the purposes of considering a supplemental jurisdiction, a civil action can properly be before the court if one of the claims within it is subject to federal jurisdiction and then the court may entertain the other claims within the civil action. It doesn't mean that if you have a civil action that's pending in state court that you can remove one of the claims in that unitary civil action that is filed under one cause number where there was never a second action. Judge Loken is entirely correct. The Exxon case is not a removal case. What Exxon says, and the only issue it addresses, Exxon is clear. I'd write under head note too, the single question before us is whether a diversity case in which the claims of some plaintiffs satisfy the amount and controversy requirement but the claims of other plaintiffs do not presents a civil action of which the district courts have original jurisdiction and it decides that issue. It doesn't decide anything about removal. In a paragraph it makes a reference to the removal statute in support of the idea, and this is true, that if the court has jurisdiction over the civil action it can entertain claims within the civil action as to which it would not have original jurisdiction. Fair enough. That's not this case. That's a 1367 case that doesn't have anything to do with this. The other case, and there's a reference to the New Mexico case, that's the Stark-Romero case. The court should take a peek at that one. That is a case that was pending in the state court, personal injury action against a railroad. Some folks were involved in the injury. After that case had been pending for some time, some other folks came to intervene as to a claim against that same defendant but without respect to the different incident, different crew, different claims, and the state court that permitted intervention did so under specific terms. It allowed the intervention solely for the purpose of discovery and made it clear that the cases were not going to be tried together. And the service had already been obtained by the initial plaintiffs. The intervening plaintiffs were required to obtain service on that defendant separately. The court made it clear that there was not really an intervention for any purpose other than discovery. And that case was decided in January of 2011. The same district in February of 2011 decided a case called MACH, M-A-C-H, which is 773 F sub 2nd 1018, making it clear that in a semi-related case or removal kind of case, that the Stark-Romero case in footnote 4 was based on the distinct factual circumstances underlying the party's claims. That's not this case. I would direct the court's attention for the purposes of determining whether to resolve this case to the Norplant case that we have cited in our briefs. It hasn't been cited in any of the appellant's briefs. That's in rain Norplant contraceptive products liability litigation. That is a case, that is a district court case from the eastern district of Texas that was similar where there was an action pending over personal injury claims related to a medical device. Some folks moved to intervene. The defendant tried to remove just the interveners. The court remanded it properly, saying the primary issue before the court is whether section 1441A allows for removal of diverse parties who have intervened in a pending state case while leaving non-diverse parties pending in the state court. That's, I submit, not appreciably different from our situation where there is an unremovable action in the state court and additional claims are asserted. And the court said you cannot split the case like that. You can't remove some of the parties and claims from an action that's pending in state court. The Norplant case and then the Levert case, which is also cited in our briefs, both of those hold to the same effect. I believe Wright and Miller say you can't remove part of a case. And respectfully, other than the garnishment cases, the appellants haven't sided with the court in any case where you could, and the garnishment cases are on their face different. Explicitly, they say, this is not the standard removal case because there's an injection after the conclusion of the main claims, there's an injection of another claim against the insurer. That's a separate claim. That's not this case. And so I think of my... When I was coming here this morning, I was thinking of myself as coming to talk to the court about my motion to dismiss because I don't believe the court has jurisdiction to entertain this appeal, which on its face was on a jurisdictional basis. Judge Autry's order says, and that's in... It's in the appendix. It's also attached to the... It's explicitly saying that if the court lacks jurisdiction, the case should be remanded. The Norplant case suggests, and I believe this is true, under Section 1441, one is allowed to remove... The court has jurisdiction over civil actions that are removed. Respectfully, there has been no effort to remove a civil action. There has been an effort to remove a claim in a civil action. The court doesn't have jurisdiction to entertain removals of claims in civil actions. Further, there has at the very least been a defect in removal procedure. 1446 says that if a defendant desires to remove a civil action, the defendant files a notice of removal. In this case, there was a notice of removal attempting to remove not an action but a claim. That must be a defect in removal procedure. Furthermore, this removal is untimely. You can't remove this civil action because it's been pending since 2009. The suggestion that there are two claims is the cornerstone of everything that the defendant is saying in this case, and that is unsupported by the facts. Well, just because they're the same parties doesn't mean it's the same situation, so you want to talk about that, why this is part of the case. I appreciate that, Your Honor. This is all arising from one redevelopment project. The city contracted with the landlord, my client, for redevelopment of part of this redevelopment area. In connection with that, there was a lease between my client and the defendant. The city also accepted representations by this defendant in connection with the redevelopment of that project. The project is to be funded by the additional tax revenues, the incremental tax revenues that are generated by the economic activity. The city was damaged because the defendant didn't come and generate the economic activity. My client was damaged because he didn't come and occupy this business and generate that economic activity. My client is the holder of notes issued by the city with respect to these redevelopment activities that are only payable out of that increment. They are related. If the court were to consider the allegations of both of these pleadings, the court will see that there are many respects in which they're exactly the same and they recite the same set of underlying facts. It's properly one action because it all arises out of the same set of facts. The defendant wishes there would be two cases. There are not. There is one. Is there a right to jury trial under state law on your client's lease claim? There is. And there's also a right to jury trial under the fraud claims, of course. I assume that. Yes. I see the amount of time. In the absence of any other questions, I appreciate the court's time. We would ask that the appeal be dismissed or, in the alternative, that the judgment of the district court be affirmed. I'll give you a minute, Mr. Von Holt. I've pared it down, so I'm not sure I need a minute. I ask the court to review the ExxonMobil quotes that we include in our brief at pages 14, 15, and 24 because I believe those address many of the points that Mr. McPherson just made. With respect to what constitutes a civil action, the Stoll case out of this court in 1950, it's a garnishment case, but the basis for that, the legal principles that the court was applying are not limited to the garnishment context. That addresses what constitutes a civil action and that applies to the city's lawsuit in this case, making it a separate civil action which is therefore removable. There is simply no source of an entire case requirement. The district court therefore erred and we would ask that the district court's remand order be reversed. Thank you. Thank you, counsel. I told my law clerks I've never seen a Thermtron Quackenbush case that wasn't the stinker. So, this one fits right in there. That is difficult and you both briefed and argued it very well and we appreciate that and we'll take it under advisement.